E-FILED
Wednesday, 04 January, 2006 09:34:13 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CURTIS PICKETT,                )
                               )
            Petitioner,        )
                               )
v.                             )    Criminal Action No. 97-40028-001
                               )
UNITED STATES OF AMERICA,      )
                               )    FILED
            Respondent.        )
                               )    JAN 3 2006
                               )
                                    U.S. CLERK'S OFFICE
                                    ROCK ISLAND, ILLINOIS

**PETITIONER'S MOTION PURSUANT TO RULE 60(b)(6)(NEWLY DISCOVERED EVIDENCE) / MOTION WHETHER THE PETITIONER IS ENTITLED TO A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. 5K2.0. FOR POST-CONVICTION REHABILITATION**

COMES NOW pro se Petitioner, Curtis Pickett, respectfully moving before this Honorable Court with Petitioner's motion pursuant to Rule 60(b)(6)(newly discovered evidence)/ motion whether the Petitioner is entitled to a downward departure pursuant to U.S.S.G. 5K2.0. for post-conviction rehabilitation. Although, the Petitioner files two motions each is attached to be heard on their own merits separately.

### RULE 60(b)(6)

The Petitioner contends, pursuant to Rule 60(b)(6) and although this motion has been removed from Fed.R.Crim.P. Rule 60(b)(6) is still held to be a thriving extraordinary motion, which is available "motion" which is available only to correct errors resulting in a <u>complete</u> miscarriage of justice or circumstances compelling such action to achieve justice. <u>United States v. Bustillo</u>, 31 F.3d 931, 934 (10th Cir. 1999) citing <u>United States v. Williamson</u>, 806 F.2d 216, 222 (9th Cir. 1986)(emphasis added).

The Third Circuit has stated use of Rule 60(b) is appropriate to correct errors for which there was no remedy available at the time and where sound reasoning exist for failing to seek relief earlier. <u>United States v. Stoneman</u>, 870 F.2d 106 (3rd Cir.) <u>cert denied</u> 495 U.S. 891, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989) citing <u>United States v. Morphan</u>, 346 U.S. 502, 74 S.Ct. 247, 352, 98 L.Ed.2d (1959).

In the case of United States v. Ransom, 983 F.Supp.2d 1017 (D.Kan. 1997) that court found that while it may be difficult to have conceived of the present situation before the court (the announced constitutional violation inherent in the design was unavailable under § 2255) when relief could be justified via Rule 60(b). Id. at 1019. The court continued, if the defendant can demonstrate that he is actually innocent of the offense or the announced punishment, then there is compelling reason to grant relief pursuant to Rule 60(b). In Re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997); Trieman v. United States, 124 F.3d 366 (2nd Cir. 1997)(substantive the Tenth Circuit holdings).

Miscarriage of justice and fundamental defeat in the proceedings are the essence of both 28 U.S.C. § 2255 as well as Rule 60(b)(based on newly discovered evidence). This argument is predicted on the very fact that errors presented against the United States Sentencing Guidelines and the Sentencing Commission can be applied retroactively and can/should be brought in a Rule 60(b) Newly Discovered Evidence Motion which could not have been found with due diligence. United States v. Dimalo, 1994 WL 253756 (E.D.P.A.)(Bechitz C.J.).

### DRUG AMOUNT NOT SPECIFIED IN THE INDICTMENT

Note that there is the Apprendi v. New Jersey, 530 U.S. ____, 147 L.Ed.2d 435, 120 S.Ct. 2348 exception for any recidivist fact i.e. a fact regarding a prior conviction but apart from that exception whenever, a guideline scheme assigns to a judge the authority to enhance a sentence only upon finding some additional fact, than according to this decision in Apprendi facts that must be proven to a jury beyond a reasonable doubt.

As here in the instant case, the indictment was silent to drug amount attributable to each defendant submitted to a jury and proven beyond a reasonable doubt.

After the recent decision in United States v. Booker, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 75 CrL 308 (2004) and as here Petitioner present motion is filed alleging his sentence has been unlawfully exhanced by facts not found by a jury. Petitioner challenges the Court's failure to hold a hearing to determine the amount of drugs that Petitioner was foreseeable for in the conspiracy.

(2)

## THE MOTION IS NEWLY DISCOVERED EVIDENCE

After <u>Blakely</u> was decided, and prior to the opinion in which the Supreme Court first applied <u>Blakely</u> to the Federal Sentencing Guidelines. <u>United States v. Booker</u>, ___U.S.___ 2005 WL 50108 (Jan.12,2005).

The Supreme Court has not yet stated whether the rule announced in <u>Blakely</u> and <u>Booker</u> applies retroactively to cases under review. The lower-court decisions that the court was reviewing were direct appeals discussion of retroactiity would have been gratuitous, and was not briefed.

New substantive rules generally apply retroactively, because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal, or fact a punishment the law cannot impose upon him.

Here the indictment failed to show how much drug attributable to each defendant or show what he was foreseeable for in his role in the conspiracy. For the above reasons the Petitioner's motion should be granted.

## UNITED STATES V. LOPEZ, 131 L.ED.2d. 626 (1995)

Whether Petitioner prosecution under Federal Law, once a state already settled this matter under state law constitute an abuse of federal power, and violated states sovereignty, fundamental principle of federalism, due process and the Fifth, Sixth, Tenth and Fourteenth Amendment to the United States Constitution.

## FACTS

The United States Constitution balances power between the state and the federal government in order to protect the citizenry from abuse from either front. State sovereignty is recognized throughout the constitution text. Art.IV.3 (prohibition on involuntary reduction in state territory); Art.III.2 (judicial power clause); Art.IV.2 (privilege and immunites clause); Art.V. (requiring three-fourth vote of the state amend the constitution); Art.IV.4 (guarantee clause); Art.I.8 (implicit reservation of nonenumerated power to the state). See <u>Printz v. United States</u>, 117 S.Ct. 2365, 2376 n.13 (1997).

(3)

Fundamental to our federal system is the allocation of nonenumeration power authority for defending and the state of the defending and enforcing the criminal laws. United States v. Lopez, 515 U.S. 549, 561 n.3 (1995), (internal quotation omitted); See Gregory v. Ashcroft, 501 U.S. 452, 460 (1991)(recognizing that an important aspect of state sovereignty is the administration of it's judicial system).

Recognizing that the framers of the constitution had been persuaded that using the state as the instrument of the federal govern was both ineffectual and provocative of federal state conflict, the court held that state sovereignty, and authonomy was incompatible with the dragging of state officers into administration of federal law. Id., at 2377, 2381. In Printz , the court struck down the effort of Congress to circumvent the ruling of New York v. United States, 505 U.S. 144 (1992)(Congress cannot compel states to enforce a federal regulatory program). By concriping state officials directly unterred by the federal government has done this in the instant case with Petitioner arrest and conviction to do through the departments of justice what it cannot do through Congress, by using state resource and state officials to implement federal policy and enforce federal law. [W]here, once the state court had made a determination of Petitioner's violation of a state gun law, the arresting officers implemented federal policy and enforced federal law on Petitioner.) This similiar argument was raised in New York v. United States, 505 U.S. 144 (1992) how can a federal statute, can be found an constitutional infringement of state sovereignty when state officials consent to statute enactment. Justice O'Conner answered this question by considering the political philosophy underlying the federal structure.

> "The constitution does not protect the sovereignty
> of the state for the benefit of the state or state
> government as abstract political entities, or even
> for the benefit of the public officials qoverning
> the state to the contrary, the constitution divided
> authority between federal and state government for
> the protection of individual's. State sovereignty
> is not just and end in itself. Rather federalism
> secures to citizens the liberties derive from the
> diffusion of sovereignty power."

(4)

Permitting a state official to consent to a departure from the constitution would undo the protection of federalism, for this reason alone, the court held that a state official could not consent to an expansion of the power of Congress beyond the balance struct by the constitution.

Wherefore for the above reasons, Petitioner prays his motion will be granted. The Petitioner moves this Honorable Court to determine his post-conviction rehabilitation motion on it's merits.

Respectfully submitted;

*Curtis Pickett*

Curtis Pickett, pro se
Reg. No. 11113-026
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky 41105-6000

## CERTIFICATE OF SERVICE

I, Curtis Pickett, do hereby certify that I have caused a true and accurate copy of the foregoing to be served upon The United States Assistant Attorney, Jefferey B. Long, at P.O. Box 4000, Rock Island, Illinois 61204-4000. By placing said motion in the Federal Prison Camp legal mail box with first class postage prepaid on this 27th day of December 2005.

*Curtis Pickett*
Curtis Pickett.