IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CURTIS PICKETT,                    )
                                   )
          Petitioner,              )
                                   )
v.                                 )        Criminal Action No. 97-40028-001
                                   )
                                   )        **FILED**
UNITED STATES OF AMERICA,          )
                                   )        JAN **3** 2006
          Respondent.              )
                                   )        U.S. CLERK'S OFFICE
_____ )        ROCK ISLAND, ILLINOIS

**WHETHER THE PETITIONER IS ENTILTED TO A DOWNWARD DEPARTURE PURSUANT
TO U.S.S.G. 5K2.0., FOR POST-CONVICTION REHABILITATION**

COMES NOW pro se Petitioner, Curtis Pickett, and respectfully
moves this Honorable Court to consider a downward departure from
the guidelines pursuant to U.S.S.G. 5K2.0., for post-conviction
rehabilitation.  Since Petitioner's present incarceration:

The Petitioner final sentence, was imposed by the District
Court Judge The Honorable Joe Billy McDade, to a period of
incarceration of 240 months.

The Petitioner was sentence in the District Court for the
Central District of Illinois, and is currently an inmate at the
Federal Prison Camp, Ashland, Kentucky.

Since his incarceration Petitioner has rehabilitated himself
and increased his maturity by earning numerous certificates and
awards and learning a new trade through Unicor (Federal Prison
Industries).

The Petitioner request that this Honorable Court consider
a downward departure in the instant case pursuant to U.S.S.G. 5K2.0.
The Supreme Court of the United States has given the green light
to downward departures for any reason not prohibited by the guidelines.
Koons v. United State, 518 U.S.____, 116 S.Ct. 2035, 135 L.Ed.2d
392 (1996).  The latest basis for a downward departure includes:
Job loss to innocent employees, United States v. Olbres, 99 F.3d
28 (1st Cir. 1996); and Community Service, Crause v. United States,
____U.S.____, 136 L.Ed.2d 3 (Oct.7,1996)(vacating for the 6th Circuit
decision of 78 F.3d 1097 and remanding for further consideration
in light of Koon.

Under U.S.S.G. 5K2.0., the sentencing court may impose a sentence outside the range established by the applicable guidelines if the guidelines, if the court finds that there are aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines that should result in a sentence different from the described.

A departure maybe appropriate if the conduct in question or circumstances of the case falls outside of the heartland of the typical conduct described by each of the guidelines provisions. United States v. Chotas, 968 F.2d 1193 (11th Cir. 1992). A sentencing court may depart even if the circumstances presented by the case vary only in a degree from that embodied by the guidelines. Id., at 1195; United States v. Ponder, 963 F.2d 1506, 1509 (11th Cir. 1992); Also see U.S.S.G. Ch. I. Pt. A. ¶ 4(b).

Sometimes, one factor may not be sufficient to qualify the defendant for a downward departure; however, multiple unusual to warrant departure. United States v. Ramirez, 792 F.Supp. 922 (E.D.N.Y.); United States v. Riveria, 994 F.2d 942, 947 (1st Cir. 1993). Even where the factors are intermingled with improper grounds, the remaining factors that are acceptable will not change the court's authority and decision for a downward departure. United States v. Alba, 933 F.2d 1117 (2nd Cir. 1991); United States v. Franklin, 902 F.2d 501, 508-509 (7th Cir.) cert denied,____U.S.____, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990)(stating in dicta, that the better approach is to affirm a departure if the amount of departure is reasonable) cert denied ____U.S.____, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1990). Primarily because such approach is most consistent with the reasonable standard of departure under 18 U.S.C. § 3742(e)(3). See Hummer, 916 F.2d at 195 n.8 and Franklin, 902 F.2d at 508-09.

In the United States Supreme Court case Williamson v. United States, 503 U.S. 193, 117 L.Ed.2d 341, 112 S.Ct. 1112 (1992). The court held that a federal district court's departure from the United States Sentencing Guidelines sentencing range is valid whether the departure is based on valid or invalid factor. The court interpreted 18 U.S.C. § 3742(f)(2) and held that a sentence can

be reasonable "even if some of the reasons given by the district court to justify a departure from the presumptive guidelines range are invalid, provided that the remaining reason are sufficient to justify, the magnitude of the departure".

It is clear that the court must identify those facts, events and circumstances that are mitigation or unusual of a kind or to a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines.  U.S.S.G. 5K2.0.  United States v. Taylor, 88 F.3d 938, 945 (11th Cir. 1996).  The totality of these facts, events and circumstances "may well converge to create the unusual situations not contemplated by the commission".  United States v. Parham, 16 F.3d 844 (8th Cir. 1994).

The Supreme Court case Koon v. United States, ____U.S.____, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).  Established an abuse of discretion test for downward departures.  United States v. Bernal, 90 F.3d at 467.  The Koon case held that the Sentencing Reform Act (the "Act").  Did not eliminate all of the district court's sentencing discretion and the statutory sentencing goals of deterrence, in capacitation, retribution and correction.  See also United States v. Pullen, 89 F.3d 368 (7th Cir. 1996); and that the sentencing court will be given substantial deference "to it's departures".  United States v. Sablan, 59 CrL 1416, No. 94-10534.

The Koon case also provided "the following analysis for determining whether a departure from the applicable guidelines is warranted:

(1) What features of this case, potentially take it outside the guidelines heartland and make it a special, or unusual case?

(2) Has the commission forbidden departures based on those features?

(3) If not, has the commission encouraged departures based on these features?

(4) If not, has the commission discouraged departures based on these features?

The Koon opinion then discussed it's application as follows: -----If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departures.  If the special factor is an encourage factor the court is authorized to depart if the applicable guideline does not already take it into account.

(3)

If special factor is discouraged, or an encouraged factor already taken into account by the applicable guidelines, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.  If a factor is unmentioned in the guidelines, the court must, after considering the structure and theory of both relevant individual guidelines and the guidelines taken as a whole, decide whether it is sufficient to take the case out of the guideline heartland.  The court must bear in mind the commission's expectation that departures based on grounds not mentioned in the guidelines will be highly infrequent.

Taylor, supra, at 946; Koon, supra, at 2045(citations and internal quotation marks omitted).

In other words departures are reserved for unusual cases where there is something atypical about the defendant or the circumstances surrounding the commission of the crime.  United States v. Holland, 22 F.3d 1040, 1047 (11th Cir. 1994); United States v. Gonzalez-Lopez, 911 F.2d 542, 549 (11th Cir. 1994); cert denied 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

Sentencing guideline departures criteria cannot be deemed impermissible in all circumstances unless categorically foreclosed by the sentencing commission.  U.S.S.G. 5K2.0.; United States v. Hardy, 99 F.3d 1242 (1st Cir. 1996).

In addition the Supreme Court in the Koon case held that generally courts should not categorically reject a factor as a basis for departure from a guideline sentence because:

Congress did not grant federal courts authority to decide what sorts of sentencing considerations are inappropriate in every circumstances.  Rather 18 U.S.C. § 3553(h) instructs a court that. in determining whether there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately considered, it should consider only the sentencing guidelines policy statements and official commentary of the sentencing commission.
-----The commission set forth factors courts may not consider under any circumstances but made clear that with those exceptions, it does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guideline, that could constitute

(4)

grounds for departure in an unusual case.  1995 U.S.S.G., Ch. I,
Pt. A. intro comment 4(b).

Thus, for the courts to conclude a factor must not be considered
under any circumstances would be transgress the policy making
authority vested in the commission.  Koon, supra, at 2045 (emphasis
added).

It is well founded in the law that a statute abrogates federal
common law if it "speaks directly to the question addressed by
the common law; however, it is not necessary for Congress to
affirmatively proscribe the common law.  Nstoria Fed. Savings and
Loan Ass'n v. Solimino, 501 U.S. 104, 105-108, 111 S.Ct. 2166,
2168-70, 115 L.Ed.2d 96 (1991).  The statutory language governs
the court's interpretation unless clearly expressed, contrary
legislative intent exists.  Kaiser Alumimum and Corp. v. Bonjorno,
494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); F.D.I.C.
v. Bates, 42 F.3d 369, 371 (6th Cir. 1994).

Petitioner's position is that chapter five of the sentencing
guidelines, the court can consider a departure only if the factor
present in an exceptional degree or in some other way makes the
case different from the ordinary case where the factor is present.
Koon, supra, at____.  In United States v. Giffiths,
954 F.Supp. 738 (D.VT.1997).  The court granted a downward departure
for extraornary rehabilitation efforts and in light of the totality
of the circumstances.  Id., at 741.  The defendant in Griffiths
had become involved in both drug use and drug sales, including
three sales of LSD, one of which was for a thousand hits, over
an eight month period.  Aided by his family, after his arrest,
the defendant turned his life around dramatically, becoming involved
in intensive drug counseling, obtaining jobs and performing well
at them, furthering his education, and engaging in community service.
This scenario that the district court departed in Griffiths, is
the post-conviction rehabilitation that the Petitioner request
this Honorable Court consider in the instant case,  See also  United
States v. Shasky, 939 F.Supp. 695 (D.Neb.1996).

In the instant case the Petitioner was sentenced to a term
of incarceration of 240 months, and since his incarceration the
Petitioner has completed the following post-conviction rehabilitation

while working a full time job at Unicor (Federal Prison Industries) and other jobs:

(1) Building Trades 1998
(2) Shop Safety and Work Procedures
(3) Using Portable Power Tools 1998
(4) Blue Print Reading 1998
(5) Spanish I 1998
(6) Legal Research 1999
(7) Personal Enhancement Group Training 1999
(8) Program in Suicide Prevention/ Inmate Cadre 1999
(9) Hospice Companion Training 1999
(10) Phychology Services Stress Management 2000
(11) 16 hours Training Program Patient Care 2000
(12) Training in set up Maintenence and Safe Operation 2000
(13) Marking Technician 2000
(14) Unicor Incentive Award 2001
(15) Incarceration on both sides of the fence 2001
(16) Walking for 300 miles walking for Wellness 2001
(17) Understanding Policy and Procedure for Inmates 2002
(18) Veteran's After Care Group 2002
(19) Walking 600 miles 2002
(20) 900 miles completed in Walking for Wellness 2002
(21) Care Provider (ICP) 2002
(23) Hospice 2002
(24) Walking 1200 miles 2002
(25) 52 hours Ceramic Class 2003
(26) 300 miles Walking for Wellness 2003
(27) Continuing Education Certificate 2003
(28) Certificate of Appreciation 2003
(29) 600 miles in Walking for Wellness 2003
(30) Certificate of Appreciation 2003
(31) 900 miles in Walking for Wellness 2004
(32) 52 hours Ceramic Class 2004
(33) 1200 miles in Walking for Wellness 2004
(34) 52 hours Ceramic Class 2004
(35) 42 hours Art Class 2004
(36) 42 hours Ceramic Class 2004

The Petitioner has done well at Unicor and every job assigned to him since his incarceration (See Attached Exhibits).

The Petitioner is very close to his family and the Petitioner's rehabilitation efforts since incarceration has been exception as indicated by his exhibits. The Second Circuit recently granted a downward departure for extraordinary family circumstances in United States v. Galante, 111 F.3d 1029 (2nd Cir. 1997).

Since post-conviction rehabilitation is not forbidden factor, the Petitioner request that this Honorable Court consider a downward departure in the instant case based upon decisions rendered in United States v. Sally, 116 F.3d 76 (3rd Cir. 1997); United States v. Duce,

975 F.Supp. 17 (D.C. Cir. 1997); and <u>United States v. Rhodes</u>, 145
F.3d 1375 (D.C. Cir. 1998).

The Petitioner has had his liberty restrained since 1997, and
has endeavored to turn his life around by obtaining all the education
and programming, he can while incarceration, and the factors mentioned
above should indicate to the court that the Petitioner is deserving
of a downward departure.  This departure will ultimately aid the
Petitioner in being released and back with his family.

Wherefore, the Petitioner request that this Honorable Court
will use it's authority and depart downward based on extraordinary
post-conviction rehabilitation efforts and that these rehabilitation
efforts qualify Petitioner for the relief requested.

Respectfully submitted;

Curtis Pickett, pro se
Reg. No. 11113-026
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky 41105-6000

### CERTIFICATE OF SERVICE

I, Curtis Pickett, do hereby certify that I have caused a
true and accurate copy of the foregoing to be served upon The
United States Assistant Attorney, Jefferey B. Long, at P.O. Bos
4000, Rock Island, Illinois 61204-400.  By placing herein motion
in the Federal Prison Camp mail box with first class postage prepaid
on this 27th day of December              2005.

Curtis Pickett, pro se.

## Fayette Plateau
## Vocational-Technical Center
### This is to certify that

### Curtis Pickett

has satisfactorily completed _____303_____ of _____303_____ hours
instruction in the Adult Vocational Program

**Building Trades**
and is hereby awarded this

## Adult Vocational Certificate

Given at Oak Hill, West Virginia, this 11th day of December 19 98

_Vocational Center Director_        _Vocational Instructor_

© Goes 4551-2      LITHO. IN U.S.A.

---

# TPC Training Systems

# *Certificate of Completion*

CURTIS PICKETT
_Name_

## *has successfully completed the study of TPC Unit No.* ___109.1___

SHOP SAFETY & WORK PROCEDURES
_Unit Title_

July 14, 1998
_Date of Completion_

_Signature_

 A division of
Telemedia, Inc.



## TPC Training Systems

# Certificate of Completion

CURTIS PICKETT
*Name*

### has successfully completed
### the study of TPC Unit No. ___108___

USING PORTABLE POWER TOOLS
*Unit Title*

July 15, 1998
*Date of Completion*

*Signature*


A division of
Telemedia, Inc.

---

## TPC Training Systems

# Certificate of Completion

CURTIS PICKETT
*Name*

### has successfully completed
### the study of TPC Unit No. ___107___

USING PORTABLE HAND TOOLS
*Unit Title*

July 20, 1998
*Date of Completion*

*Signature*

A division of
Telemedia, Inc.

# Certificate of Achievement

This certifies that

*CURTIS PICKETT*

has satisfactorily completed

*BLUEPRINT READING*

Consisting of __32__ Hours of Training

This certificate is hereby issued this __6th__ day of __Oct__, 1998



_____
Vicki Stevens, ACE Coordinator

_____
Jim Iams, Supervisor of Education

# Certificate of Achievement

This certificate certifies that

**Curtis Pickett**

has satisfactorily completed

**Spanish 1**

Consisting of 18 Hours of Training

This certificate is hereby issued this
11th day of December, 1998.

_V. Stevens_
V. Stevens, ACE Coord.

_J. Iams_
J. Iams, SOE



# Certificate of Achievement

**This certifies that**

**Curtis Pickett**

**has satisfactorily completed**

**Legal Research**

Consisting of ___14___ Hours of Training

This certificate is hereby issued this ___19th___ day of ___Jan, 19__ 99



J. Stevens
_____
Vicki Stevens, ACE Coordinator



Jim Iams, Supervisor of Education





This is to certify that

*Curtis Pickett*

has successfully completed

Personal Enhancement Groups Training.

Awarded November 18, 1999

*Samuel Young, Counselor*



# SUICIDE PREVENTION PROGRAM

## CERTIFICATE OF COMPLETION

This certifies that

**Curtis Pickett**

is awarded this certificate for successful completion of a structured training program in Suicide Prevention/Inmate Cadre, presented at the Federal Medical Center, Lexington, Kentucky on this

**25th day of August, 1999**

Michael Di Biasie, Ph.D.

# HOSPICE COMPANION TRAINING
## CERTIFICATE OF COMPLETION

This certifies that

## Curtis Pickett

is awarded this certificate for successful completion of a 24 hour structured program in Hospice Companion Training presented at the Federal Medical Center, Lexington, Kentucky on this 16th day of December, 1999

MaryEllen Thoms, Warden          Steven Scher,  Associate Warden

Hospice Committee

Michael Di Biasie, Ph.D          Mary Suber, R.N.

Russ Coley, R.N.          Amy Noble, M. Div.

Darryl Lavers, L.C.S.W.          Ellen Kilpatrick, M. Div.



*PSYCHOLOGY SERVICES*
*CERTIFICATE OF COMPLETION*

*THIS CERTIFIES THAT*

# CURTIS PICKETT
## *11113-026*

*IS AWARDED*
*THIS CERTIFICATE FOR*
*SUCCESSFUL COMPLETION OF THE*
*STRESS MANAGEMENT*
*GROUP*

*PRESENTED AT THE FEDERAL MEDICAL CENTER*
*LEXINGTON KENTUCKY*
*01-18-2000*

*ROBERT KLINGLESMITH*
*ANTAEUS PSYCHOLOGY INTERN*

# Certificate

IN RECOGNITION OF THE COMPLETION OF A 16 HOUR
TRAINING PROGRAM IN PATIENT CARE ISSUES,
TECHNIQUES, AND PROCEDURES, THIS CERTIFICATE
OF GRADUATION IS PRESENTED TO:

## Curtis Pickett

### Inmate Companion Program
### Training Committee

17 February 2000



# UNICOR ELECTRONIC CABLE FACTORY
# FMC LEXINGTON, KENTUCKY

February 22, 2000

## INMATE *PICKETT, CURTIS* REG. No. 11113-026

Has been trained in the set up, maintenance, and safe operation of the
following piece(s) of equipment

**Kingsley Marking Machine
Model KVD-7**

**Sumiomark Marking System
Model 1.1**

_____
Inmate Signature

_____
Instructor/Supervisor Signature



# CERTIFICATE OF COMPLETION

Be it known by those present that, **Curtis Pickett** Has successfully completed 40 hours of structured training as a **Marking Technician** at UNICOR FMC Lexington, KY. This, the **31**st. Day of **May**, **2000**.

James Oldham,
Electronic Supervisor

©E-Z LEGAL FORMS®

BCC16-BL



U.S. Department of Justice
**UNICOR**
Federal Prison Industries, Inc.

# MEMORANDUM

*March 22, 2001*

*PICKETT, CURTIS*
*11113-026*
*ANTAEUS*

*Please be advised that the UNICOR Inmate Performance Pay Committee has chosen you for an Incentive Award for the month of **March 2001**. You will receive cash **Incentive Award** of **$25.00**.*

*You are to be commended for achieving the exceptional work performance upon which your nomination was based. By this award, you are being recognized by UNICOR for your special achievement.*

*Congratulations,*

*ANNE MARY CARTER*
*A.W. (I&E)*

*cc: Payroll*
*cc: Inmate File*
*cc: Unit Team*



# CERTIFICATE OF COMPLETION

*This Certifies That*

## Curtis Pickett

*is awarded this certificate for successful completion of the "Incarceration on Both Sides of the Fence" class presented at the Federal Medical Center, Lexington, Kentucky*

*November 29, 2001*

Sigmund Wooldridge, Counselor
Bluegrass Unit

# Certificate of Achievement

Presented To

Curtis Pickett

For 300 Miles

Completed In Walking For Wellness

Given On December 30, 2001, At FMC Lexington

Billy J. Long, Recreation Specialist

Thomas Smith, SOR



# HEALTH CARE UNIT BASED GROUP

# CERTIFICATE OF COMPLETION

## *Curtis Pickett*

is awarded this Certificate for successful completion of the
**"UNDERSTANDING POLICY AND PROCEDURES FOR INMATES"**
*Presented at F.M.C. Lexington, Kentucky*
*This 19th day of March, 2002*

**UNIT MANAGER**
*Sandra Alston-Williams*

**CORRECTIONAL COUNSELOR**
*Sharon Slone*

# HEALTH CARE UNIT BASED GROUP

# CERTIFICATE OF PARTICIPATION

## *PICKETT, CURTIS*

*Is awarded this certificate for his weekly participation (ongoing) of the*
*"VETERAN'S AFTER-CARE GROUP"*
*Presented at F.M.C. Lexington, Kentucky*
*This 22nd day of APRIL, 2002*

_____
**S. WHITE**
*Unit Manager*

_____
**S. MARKS**
*Correctional Counselor*

# Certificate of Award



*This Certifies that*

## Curtis Pickett

*of*

**FMC Lexington**

*has been awarded this certificate for*

**Walking – 600 Miles**

*Date:* **April 2002**

_____
W. Asher, Wellness Coordinator

_____
T. Smith, SOR

# CERTIFICATE OF ACHIEVEMENT

## PRESENTED TO

### CURTIS PICKETT

## FOR 900 MILES COMPLETED
## IN WALKING FOR WELLNESS

B. LONG, REC. SPECIALIST

9-24-02

T. SMITH, SOR

# APPRECIATION CERTIFICATE



The Pastor and Parishioners of

## *Christian Community Church*

OFFER TO GOD THEIR PRAYERS

IN GRATEFUL APPRECIATION

FOR THE DEDICATION AND

DEVOTION THAT

### *Curtis  Pickett*

HAS SHOWN THROUGH

FAITHFUL SERVICE IN

GOD'S WORK  AS

### *Care Provider (ICP)*

Our Sincere Thanks

Pastor _____      God bless You

Date _November 17, 2002_____

200AP © N. Rocheleau 1993  Printed in U.S.A.

# APPRECIATION CERTIFICATE

The Pastor and Parishioners of

**_Christian Community Chapel_**

OFFER TO GOD THEIR PRAYERS

IN GRATEFUL APPRECIATION

FOR THE DEDICATION AND

DEVOTION THAT

**_Curtis  Pickett_**

HAS SHOWN THROUGH

FAITHFUL SERVICE IN

GOD'S WORK  AS

**_Hospice_**

Our Sincere Thanks

Pastor _[signature]_                      God bless You

Date  **_November 17, 2002_**

200AP © N. Rocheleau 1993  Printed in U.S.A.

# Certificate of Award

*This Certifies that*

**CURTIS PICKETT**

*of*

**FMC Lexington**

*has been awarded this certificate for*

**Walking - 1200 Miles**

*Date:*  DECEMBER 15, 2002

J Brown, Wellness Coordinator

T. Smith, SOR



# Certificate of Completion

This Certifies that

## Mr. Curtis Pickett

of

FMC Lexington

Has Completed Instructing
The 52 Hour Ceramic Class
On June 18, 2003



_D. Walker, Recreation Specialist_

_T. Smith, Supervisor of Recreation_

# Certificate of Completion

This Certifies that

## Curtis Pickett

of

FMC Lexington

Has Completed 300 Miles
In Walking for Wellness
On August 1, 2003





J. Cox, Wellness Coordinator

T. Smith, Supervisor of Recreation



# Continuing Education
# Certificate

**Instructor:** K. Lambright, LPN, Quality Management

**Date:** 9/3/03    1pm to 2pm

**To:** Curtis Pickett # 11113-026

## For Completing one hour of training on proper body mechanics and patient lifting techniques.



# Continuing Education Certificate

**Instructor:** K. Lambright, LPN, Quality Management

**Date:** 9/3/03  12pm - 1pm

**To:** Curtis Pickett 11113 - 026

## For Completing one hour of training on The importance of good hand-washing technique, and assisting patients with personal hygiene issues.

# CERTIFICATE OF APPRECIATION

*This certificate of appreciation is issued to Mr. Curtis Pickett for his continued support and dedication in teaching our ceramic's class.*

*Mr. Pickett volunteers his time and talent to help others learn and enjoy ceramic's.*

*This certificate is here by issued at FMC Lexington, KY. On 15 September 2003.*

D. Walker, Rec. Spec

T. Smith, S.O.R.

# Certificate of Completion

This Certifies that

## Curtis Pickett



of

FMC Lexington

Has Completed 600 Miles
In Walking for Wellness
On October 1, 2003



_____
J. Cox, Wellness Coordinator

_____
T. Smith, Supervisor of Recreation

# CERTIFICATE OF APPRECIATION

*This certificate of appreciation is issued to Mr. Curtis Pickett for his continued support and dedication as the ceramic class teacher.*

*Mr. Pickett volunteers his time and talent to help others learn and enjoy the art of ceramics.*

*This certificate is here by issued at FMC Lexington, KY. On 10 December 2003.*

D. Walker, Rec. Spec

T. Smith, S.O.R.

# Certificate of Completion

This Certifies that



## Curtis Pickett

of

FMC Lexington

Has Completed 900 Miles
In Walking for Wellness
On February 1, 2004



J. Cox, Wellness Coordinator



T. Smith, Supervisor of Recreation

# Certificate of Completion

This Certifies that

## Curtis Pickett

of

FMC Lexington

Has Completed Instructing
The 52 Hour Ceramic Class
April 2004





E. Brown, Recreation Specialist

T. Smith, Supervisor of Recreation

# Certificate of Completion

This Certifies that

## Curtis Pickett



of

FMC Lexington

Has Completed 1,200 Miles
In Walking for Wellness
On July 1, 2004



W. Asher, Wellness Coordinator

T. Smith, Supervisor of Recreation

# Certificate of Completion

This Certifies that



## Curtis Pickett

of

FMC Lexington

Has Completed Instructing
The 52 Hour Ceramic Class
July 2004



C. Brown, Recreation Specialist

T. Smith, Supervisor of Recreation

# Certificate of Completion

This Certifies that



## Curtis Pickett

of

FMC Lexington

Has Completed
The 42 Hour Art Class
October 2004



C. Brown, Recreation Specialist

T. Smith, Supervisor of Recreation

# Certificate of Completion

This Certifies that

## Curtis Pickett

of

FMC Lexington

Has Completed Instructing
The 42 Hour Ceramics Class
December 2004



_C. Brown_
C. Brown, Recreation Specialist

_T. Smith_
T. Smith, Supervisor of Recreation



**U. S. Department of Justice**

# UNICOR

Federal Prison Industries, Inc.
FMC Lexington 3301 Leestown Rd.
Lexington, Ky. 40511 - 4500

# MEMORANDUM

DECEMBER 21, 2004

### PACKING & SHIPPING PERSONNEL ROSTER

| | REG. # | | UNIT |
|---|---|---|---|
| Carey, Carlos | 03674-087 | Renaissance Man | Bluegrass |
| Clark, Naffaord W. | 16202-056 | Senior Freight Coordinator | Bluegrass |
| DuBose, Alton R. | 22855-001 | Packaging Technician | Younity |
| Enrequez, Alfredo | 16166-018 | Material Handler | Antaeus |
| Hall, Chadwick | 10831-040 | Flex Circuit Packing Technician | Cardinal |
| Jackson, Eric | 18952-039 | Material Handler | Cardinal |
| Knox, William R. | 11988-023 | Shipping Administrator | Mary Todd |
| Pickett, Curtis | 11113-026 | UPS Shipping Coordinator | Antaeus |
| Samples, Bryan | 18191-074 | Contract Clerk | Bluegrass |
| Sexton, William | 09454-026 | Material Handler | Veritas |
| Stapleton, Glen | 09298-084 | Packing Coordinator | Antaeus |
| Taylor, Karl | 00306-087 | PackagingTechnician | Bluegrass |
| Taylor, Roy | 10612-026 | Material Handler | Younity |
| Warfield, Frank | 05697-032 | Freight Coordinator | Bluegrass |