E-FILED
Friday, 13 January, 2006  03:15:16 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
CURTIS PICKETT,                )
                               )
        Plaintiff,             )
                               )
    v.                         )        Case No. 97-40028-001
                               )
UNITED STATES,                 )
                               )
        Defendant.             )
```

### O R D E R

Before the Court are Curtis Pickett's ("Pickett's") "Motion Pursuant to Rule 60(b)(6) (Newly Discovered Evidence)/Motion Whether the Petitioner is Entitled to a Downward Departure Pursuant to U.S.S.G. 5K2.0 for Post-Conviction Rehabilitation" [Doc. # 26] and Motion for a Downward Departure [Doc. # 27]. The Court believes that it may have been Pickett's intention to file at least one of these motions in his previous civil case in which he sought relief pursuant to 28 U.S.C. § 2255. However, because the Court finds the relief Pickett seeks is unavailable regardless of the form of his motion, the Court will dispose of the motions as filed.

In his motions, Pickett seeks relief from his sentence based on United States v. Booker, Nos. 04-104 and 04-105, 2005 WL 50108 (U.S. Jan. 12, 2005). The Seventh Circuit has found challenges based on Booker are premature considering the Supreme Court has not made the rule announced in Booker retroactive. See Simpson v. United States, 376 F.3d 679, 681-82 (7th Cir. 2004). At any rate, considering Pickett has already filed a section 2255 petition, he must obtain authorization from the Court of Appeals prior to bringing such a challenge here. See 28 U.S.C. § 2255.

Pickett also seeks relief pursuant to the United States

Sentencing Guidelines. In particular, he seeks a sentence reduction based on post-conviction rehabilitation. This relief is not available to Pickett. The Federal Rules of Criminal Procedure allow a sentence to be reduced in very limited circumstances. Those circumstances are not present here, and even if they were, the time for requesting a sentence reduction has long since passed in this case. <u>See</u> Fed. R. Crim. P. 35.

IT IS THEREFORE ORDERED that Curtis Pickett's "Motion Pursuant to Rule 60(b)(6) (Newly Discovered Evidence)/Motion Whether the Petitioner is Entitled to a Downward Departure Pursuant to U.S.S.G. 5K2.0 for Post-Conviction Rehabilitation" [Doc. # 26] and Motion for a Downward Departure [Doc. # 27] are DENIED.

Entered this <u>  13th  </u> day of January, 2006.

<u>    s/ Joe B. McDade    </u><br>
JOE BILLY McDADE<br>
United States District Judge