IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

Curtis Pickett                                              No: 97CR40028-001

   Petitioner

-VS-

United States of America

   Respondent

FILED

DEC 17 2007

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

PETITIONER'S MOTION PURSUANT TO

18 U.S.C. 3582(c)(2) TO MODIFY

AND CORRECT SENTENCE

    As a matter of introducing, the petitioner Curtis Pickett, respectfully moves before the honorable court with the petitioner's motion pursuant to 18 U.S.C. 3582(c)(2) to modify and correct sentence.

    Section 3582(c) of title 18, United States code, provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowereed by the sentencing commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the director of the bureau of prisons, or on it's own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they aree applicable, if such a reduction is consistent with applicable policy statements issued by the sentencing commission. The commission list in 1B1.10(c) the specific guidelines amendments that the court may apply retroactively under 18 U.S.C. 3582(c)(2).

COCAINE BASE AMENDMENT

    On May 1, 2007, pursuant to 28 U.S.C. 994(a) and (p), the United States sentencing commission (the commission) submitted to congress amendments to the Federal sentencing guidelines that, absent congressional action to the contrary, will becomme effective November 1, 2007. Amendment 9, which pertains to offenses involving cocaine base (crack) has the effective of lowering the guideline sentencing range for certain categories of offenses and offenders.

    The crack cocaine amendmment adjusts downward by two levels assigned to each threshold quantity of crack cocaine listed in the drug quantity table in 2D1.1 (unlawful manufacturing, importing exporting, or trafficking(including possession with intent to commit these offenses); attempt or conspiracy). The amendment assigns for crack cocaine offenses, base offense levels corresponding to guidelines ranges that include the statutory mandatory minimum penalties for cocaine base. Accordingly, pursuant to the amendment, for example if 5 grams of cocaine base are assigned a base level of 24(51 to 63 months at a

2

criminal history category I) which includes the five year (60 months) statutory minimum term of imprisonment for such offenses, and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at criminal history category I, which include the ten-year (120 months statutory minimum for such offenses.) The amendment also includes a mechanism to determine a combine base offense level in an offense involving crack cocaine and other controlled substances.

(1) Offenders sentenced under U.S.S.G. 2D1.1(a)(1) with a base level of 43: (a) were convicted under 21 U.S.C. 841(b)(1)(A), or (b)(1)(C) or 21 U.S.C. 960(b)(1), (b)(2), or (b)(3); and (b) the offense of conviction establishes the death or serious injury resulted from use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense the base offense level in these cases will not be affected by 2007 crack cocaine amendment because the basee offense leevel was not baseed on drug quantity. In contrast offenders sentenced.

Under U.S.S.G. 2D1.1(a)(2) (i.e. thosee with a base offense level of 38 who were convicted undeer 21 U.S.C. 841(b)(1)(B), or (b)(1)(C), or 21 U.S.C. 960 (b)(1), (b)(2), or (b)(3) and whose offense of conviction establishes that death or serious bodily injury resulted from use of the substance) are included in this analysis because the commission data do not currently distinguish those offenders and offenders who received a base level of 38 as determined under U.S.S.G. 2D1.1(a)(3). This fact could result in a slight overestimate of the number of offenders affected by the amendment.

## FACTS

On February 26, 1998 the petitioner Curtis Pickett was under 21 U.S.C. 841(b)(1)(A) conspiracy to possess with intent to distribute cocaine base, and was senteenced to 240 months with a base level of 37. Pursuant to the November 1, 2007 amendment petitioner's base offense level would be 35 (188 to 235 with a criminal history category of 6). The crack cocaine amendmment adjustment would be warranted in this case.

## GUIDELINE MANUAL POLICY STATEMENT

To impliment 28 U.S.C. 994(U) and provide guidance for a court when considering a motion under 18 U.S.C. 3582(c)(2), the commission promulgated 1B1.10 (reduction in term of imprisonment as a result of amended guideline range (Policy statements). Sub section (a) of 1B1.10 specifies when 18 U.S.C. 3582(c)(2) reduction is available.

3

> Where a defendant is serving a term of imprisonment, and
> the guideline range applicable to that defendant has subsequently
> been lowered as a result of an amendment to the guidelines
> manual listed in subsection (c) below, a reduction in the
> defendant's term of imprisonment is authorized under 18
> U.S.C. 3582 (c)(2). If none of the amendments listed in
> subsection (c) is applicable, a reduction in the defendant's
> term of imprisonment under 18 U.S.C. 3582 (c)(2) is not
> consistent with this policy statement and thus is not authorized.

application note 1 further states: eligibility for consideration under 18 U.S.C. 3582 (c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.

Listing an amendment in 1B1.10(c) reflects policy determinations by the commission that a reduced guideline range is sufficient to achieve the purpose of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment maybe appropriate for previously sentenced, qualified defendants. The background commentary further provides that authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence and does not entitle a defendant to reduced term of imprisonment as a matter of right.

In addition to specifying which guideline amendments maybe retroactively applied, consistent with 28 U.S.C. 994(u), 1B1.10 guides courts as to the amount by which a sentence maybe reduced under 18 U.S.C. 3582(c)(2). Subsection (b) of 1B1.10 states:

> In determining whether, and to what extent, a reduction in
> the term of imprisonment is warranted for a defendant eligible
> for consideration under 18 U.S.C. 3582 (c)(2), the court
> should consider the term of imprisonment that it would have
> imposed had the amendment(s) to the guidelines listed in
> subsection(c) been in effect at the time the defendant was
> sentenced.

Here the petitioner's sentence and base offense level would have been lower so would his sentence of conviction such as, petitioner's base offense level would have been 35 (188 to 235 with a criminal history category of 6), rather than the base offense level of 37 that was given to petitioner and the sentence of 240 months that the court actually did impose on petitioner.

4

Commentary further directs how courts should proceed on 18 U.S.C. 3582(c)(2) motions. Application note 2 states: In determining the amendment listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected. Application note 3 further provides that [W]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate.

Wherefore, based on amended guideline and base level reduction by two levels the petitioner's motion should be granted and his base level reduced by two levels.

Respectfully Submitted

*Curtis Pickett*

Curtis Pickett Pro-Se

Dated *December 11*, 2007

Reg. 11113-026
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky 41105

### CERTIFICATE OF SERVICE

I hereby certify I have caused a true copy of the foregoing to be served upon United States Assistant Attorney Jeffrey B. Lang, P.O Box 4000, Rock Island, Ill.61204-4000, by mailing prepaid mail on this 11th day of December 2007.

*Curtis Pickett*

Curtis Pickett